UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

UNITED STATES OF AMERICA,

        Plaintiff,                   Case No. 1:25-cr-052

v.                               Hon. Robert J. Jonker
                               United States District Judge

PAUL DANIEL MASKO,

        Defendant.

_____/

**DEFENDANT'S REPLY TO
GOVERNMENT'S SENTENCING MEMORANDUM**

**I.    Mr. Masko's sexual activity with MV1 would not be an offense under 18 U.S.C. § 2422(b) and thus this Court must not consider it when considering U.S.S.G. § 4B1.5.**

Section 4B1.5 applies only to "prohibited sexual conduct." U.S.S.G. § 4B1.5.

After Mr. Masko explained why any sexual conduct he had with MV1 did not

constitute "prohibited sexual conduct," the government agreed and relied only on

the three dates of sexual exploitation to argue for why § 4B1.5. still applied. *See*

ECF No. 58, PageID.241, Page 13 n.2. Now, the government advances an entirely

different argument for why his alleged sexual contact with MV1 should be

considered. Specifically, the government argues Mr. Masko persuaded and enticed

MV1 to engage in sexual activity that he could have been charged with, all in violation of 18 U.S.C. § 2422(b).[1] ECF No. 59, PageID.285, at 4.

But the government's second bite at the apple doesn't work here. To prove Mr. Masko persuaded or enticed MV1, the government must prove that Mr. Masko "transform[ed] or overc[ame] the will of [MV1]." *United States v. Roman*, 795 F.3d 511, 517 (6th Cir. 2015) (quoting *United States v. Hite*, 769 F.3d 1154, 1161 (D.C. Cir. 2014)). The Sixth Circuit in *Roman* cited with approval the D.C. Circuit's discussion of these two verbs in *Hite. See id.* In *Hite*, the Court extensively discussed contemporaneous definitions of "persuade" and "entice." *Hite*, 769 F.3d at 1161. To take just a few examples, "persuade," means "[t]o induce or win over (a person) to an act or course of action; to draw the will of (another) to something, by inclining his judgement [*sic*] or desire to it; to prevail upon, to urge successfully, to do something." *Id.* (alterations in original and quotation omitted). "Entice" means "to lure, induce, tempt, incite, or persuade a person to do a thing." *Id.* (quotation omitted).[2]

---

[1]Under § 2422(b), "the government must show that the defendant (1) 'use[d] the mail or any facility or means of interstate or foreign commerce'; (2) to 'knowingly persuade[ ], induce[ ], entice[ ], or coerce[ ]' or 'attempt[ ] to' persuade, induce, entice or coerce; (3) a person who the defendant believed to be under the age of eighteen; (4) 'to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.'" *United States v. Vinton*, 946 F.3d 847, 852 (6th Cir. 2020).

[2]Defense counsel acknowledges the Sixth Circuit, in an unpublished decision, has suggested the term "entice" does not require the defendant to "overcome" the minor's will. *See United States v. Ninsawat*, 2025 WL 1217385, \*6 (6th Cir. 2025). But this discussion failed to even acknowledge, much less explain its consistency

Here, the government cannot show that Mr. Masko transformed or overcame MV1's will. As the PSR documents show, MV1 was a willing participant the entire time—and there is insufficient evidence to show that Mr. Masko pressured her or did anything to persuade her to engage in any sexual acts. *See, e.g.* ECF No. 56, Page 11, ¶¶ 37-40, 42, 49, 64. The messages between the two do not definitively indicate whether Mr. Masko or MV1 *initiated* sexual contact, much less whether Mr. Masko persuaded or enticed her. While Mr. Masko's alleged conduct is obviously inappropriate, the government can't prove Mr. Masko persuaded or enticed MV1 to engage in sexual activity. Thus, the government's reliance on their sexual activity, for purposes of determining whether the enhancement under U.S.S.G. § 4B1.5(b) applies, is misplaced.

## II.   The prohibited sexual conduct—sexual exploitation—all occurred on one occasion.

Having established the relevant analysis focuses exclusively on Mr. Masko's exploitation of MV1 within less than a month's timeframe, the next issue is whether his exploitation occurred on one occasion. On this issue, the government effectively concedes several key points by not meaningfully challenging them. *Cf. United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

---

with, *Roman*. Because this unpublished opinion is inconsistent with the Sixth Circuit's published decision in *Roman*, *Roman*'s discussion controls.

First: *Wooden*'s, *Erlinger*'s, *Cogdill*'s, and *Kimbrough*'s analysis are all highly relevant. The government itself frames its response by evaluating the factors first identified in *Wooden*. *See* ECF No. 59, PageID.286-88. Relatedly, the government doesn't even *acknowledge*, much less wrestle with *Cogdill* and *Kimbrough*—two cases that support Mr. Masko's position here.

Second: Not only does the government concede *Wooden* and its progeny inform the analysis, the government also concedes that the sexual exploitation all occurred in the same exact location. *See id.* at PageID.286. And it also implicitly concedes this factor cuts in favor of Mr. Masko—the government's only two responses are that it believes this factor to be non-dispositive and that the other alleged sexual activity happened in different locations. True, location isn't dispositive—just like timing isn't either. *See United States v. Cogdill*, 130 F.4th 523, 531 (6th Cir. 2025). But it is certainly relevant and favors Mr. Masko. And the other alleged sexual activity, as explained above, is irrelevant to this analysis.

After making several key concessions and ignoring *Cogdill* and *Kimbrough*, the government next cites a string of Sixth Circuit decisions (many of which Mr. Masko already raised), arguing they demonstrate that "abusive conduct happening at different times against even the same victim qualifies as separate occasions." ECF No. 59, PageID.287.

But the government is wrong. The first case the government cites, *United States v. Parkey*, 142 F.4th 866 (6th Cir. 2025), addressed a different question than the one at issue here. There, the defendant argued only that the court

4

shouldn't have considered a second act of sexually explicit conduct because it fell beyond the scope of relevant conduct as defined under U.S.S.G. § 1B1.3(a)(1). *See id.* at 871-72. The Sixth Circuit rejected his argument, explaining that the pattern enhancement under § 4B1.5 allows consideration of activity "beyond the offense of conviction." *Id.* at 872. Unlike Mr. Masko, the defendant in *Parkey* never argued the two dates of sexual conduct occurred on separate occasions, much less relied on *Wooden*'s line of cases. Indeed, *Parkey* never mentioned *Wooden*, underscoring that *Parkey* decided an entirely different issue than the one Mr. Masko raises.

Next, the government cites *United States v. Paauwe*, 968 F.3d 614 (6th Cir. 2020), but that case too addressed a separate question. There, the defendant made a legal argument divorced entirely from his specific facts, namely that the enhancement under § 4B1.5, as a matter of law, could not apply if the sexual conduct at issue all involved the same victim. *See id.* at 617, 619. The Sixth Circuit rejected this categorical argument—and did nothing else. *See id.* at 619. In doing so, the Court expressly observed that the defendant "conceded the other requirements of § 4B1.5," and thus affirmed the enhancement. *See id.* Unlike in *Paauwe*, Mr. Masko is not arguing that the same victim *necessarily* means § 4B1.5 doesn't apply. Rather, Mr. Masko simply argues that the same victim is one factor, among many, to determine whether the defendant engaged in a common scheme or plan and ultimately whether his behavior represents one occasion. *Paauwe* doesn't shed much light on this question, *particularly* because *Paauwe* itself

involved a *years long time span of engaging in prohibited sexual conduct* (as opposed to less than a month). *See id.* at 616.

The government also cites *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019), but that case also didn't consider the arguments raised by Mr. Masko. In *Wandahsega,* the defendant made two arguments: first, that double-counting principles meant the court shouldn't have counted, as one occasion, conduct that formed the basis for his conviction; and second, that there was insufficient evidence of the sexual contact. *See id.* The Court rejected the double-counting argument and held the district court did not clearly err in finding the defendant engaged in repeated sexual conduct. *See id.* But here, Mr. Masko does not make a double-counting argument and is only challenging the narrow issue of whether his sexual exploitation counts as a single occasion. Mr. Masko does not challenge the underlying facts regarding whether he did so engage in the exploitation.

The Sixth Circuit's decision in *United States v. Sibley*, 681 Fed.App'x 457, 461-62 (6th Cir. 2017), similarly addressed only the double-counting issue. The defendant in that case simply argued that the court "could not derive a pattern from [the sexually explicit photographs he took on three different days within a month] because they were all part of the underlying 'offense of conviction." *Id.* at 461. But the Sixth Circuit explained that the commentary "makes clear that a district court may apply this enhancement based on conduct giving rise to the

conviction, which is all the district court did here." *Id. Sibley* did not consider the distinct "occasion" issue Mr. Masko now raises.

Finally, the government cites *United States v. Densmore*, 2025 U.S. App. LEXIS 29421 (6th Cir. Nov. 5, 2025), but the defendant there effectively admitted his actions constituted multiple occasions because the defendant admitted that he had engaged in a "course of conduct." *See id.* at *5. The defendant also argued the evidence wasn't sufficient to establish the sexual acts and that the district court failed to adequately explain its factual findings. *See id.* at 5-6. Neither of these arguments are at issue here.

In short, none of the arguments raised by any of these above cases are on point. In fact, none of them even cite *Wooden.*

The two cases the government cites that do mention *Wooden* are materially distinguishable from this case. First, the government cites *United States v. Rudra*, 2026 WL 75323, *6 (6th Cir. Jan. 9, 2026), where the Sixth Circuit affirmed the § 4B1.5 enhancement because the defendant had victimized two different victims: one on a concrete date, and the other "over an extensive period of online communications." *Id.* In contrast, Mr. Masko's sole victim was MV1, which is a key distinction in looking to the "character and relationship" of the conduct at issue. *See Wooden v. United States*, 595 U.S. 630, 369 (2022). Second, the government cites *United States v. Combs*, 2024 WL 5003356, *2 (6th Cir. Dec. 6, 2024), but there the defendant's sexual conduct occurred a full "year or so" apart—

meaning the timing there definitively showed the sexual conduct occurred on separate occasions. *See id.* at *1.

Finally, as the government concedes, determining whether conduct occurs on one or more "occasions," is a "fact-based question." ECF No. 59, PageID.285. For all of the reasons discussed in Mr. Masko's sentencing memorandum, the totality of the circumstances show his sexual exploitation within a less than one month time period all constitutes a single occasion. The majority of the *Wooden* factors support this finding: proximity and the nature and characteristics of the acts. Mr. Masko's sexual exploitation of MV1 represents a "single criminal episode," and thus one occasion. *Erlinger v. United States*, 602 U.S. 821, 835. Section 4B1.5's enhancement does not apply.

Respectfully submitted,

SEAN R. TILTON
Federal Public Defender

Dated: March 18, 2026

/s/ Marcus Miller
MARCUS MILLER
Assistant Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420